UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAMELA SMALLS,

                Plaintiff,

       v.

ROBERT W. BRIGHT, M.D. and
DOUBLE R. ENTERTAINMENT, LLC,

                Defendants.

DECISION & ORDER

09-CV-6545CJS

---

## PRELIMINARY STATEMENT

The instant action was referred to this Court for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Docket # 7). Plaintiff Pamela Smalls ("Smalls") has filed a complaint under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000-e *et seq*., alleging that defendants discriminated against her on the basis of her race and sex. (Docket # 1). Smalls also alleges that she was terminated after complaining that she was not being fully compensated for the hours she worked. (*Id*. at ¶ 19). Currently pending before this Court are motions by Smalls to amend her complaint and for an extension of time to complete discovery. (Docket ## 28, 46). For the reasons discussed below, both motions are granted.

## FACTUAL BACKGROUND

Initially proceeding *pro se*, Smalls filed her original complaint on October 29, 2009. (Docket # 1). According to her complaint, Smalls worked as a janitor for defendant

Double R. Entertainment LLC, which ran an adult entertainment club called Rick's Tally-Ho. Defendant Robert W. Bright, M.D. ("Dr. Bright") was part-owner of the club. Smalls, who is African American, claims Dr. Bright treated her differently from other employees by prohibiting her from talking on her cell phone while working and refusing to allow her to have help with her job duties. (*Id.*). In addition, Smalls contends that Dr. Bright harassed her by cursing at her and calling her names. (*Id.*). Smalls also alleges that she was regularly underpaid for hours she worked and was terminated for complaining about her compensation. (*Id.*).

Extended once, the court-ordered deadlines for amending the pleadings and completing fact discovery were August 20, 2010 and November 30, 2010, respectively. (Docket ## 16, 25). Well after those deadlines had expired, on June 2, 2011, Smalls retained counsel, who soon thereafter filed the pending motion to amend Smalls's complaint. (Docket ## 43, 44, 46). Smalls's proposed amended complaint seeks to add a claim for race discrimination under 42 U.S.C. § 1981 and claims for unpaid wages and retaliation under the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA"). (Docket # 46-2).

While proceeding *pro se*, Smalls participated in court-ordered scheduling conferences and made timely initial disclosures under Rule 26. (Docket ## 10, 12, 26, 40). She also requested documents from defendants, propounded interrogatories and sought to depose Dr. Bright, although her efforts did not result in much of the discovery she requested. Defendants refused to respond to her document requests in their entirety because Smalls had served twenty-seven requests, two more than the local rule then-in-effect permitted.[1] (Docket # 46 at

---

[1] The version of Local Rule 34 that was in effect at the time plaintiff served her requests prohibited more than twenty-five document requests. W.D.N.Y. Loc. R. 34 (amended 2011). That rule was repealed in 2011 to be consistent with Rule 34 of the Federal Rules of Civil Procedure, which sets no limit on the number of requests.

¶ 8; *see* Docket # 21).  In addition, although defendants answered plaintiff's interrogatories, they objected to many as irrelevant.[2]  (*See* Docket # 38).  Finally, Smalls failed to notice Dr. Bright's deposition until one week before the discovery deadline.  According to her, she had incorrectly assumed that she would be permitted to depose him at her deposition, which occurred on November 23, 2010.  (Docket # 28).  When she discovered her error, she immediately served a notice to depose five individuals including Dr. Bright, which defendants opposed as untimely.  (Docket # 31 at ¶¶ 11-12).

Approximately two weeks later, on December 9, 2010, Smalls moved for an extension of discovery in order to depose Dr. Bright.  (Docket # 28).  On February 11, 2011, defendants opposed plaintiff's motion and moved for summary judgment.  (Docket # 30).  Smalls opposed the motion for summary judgment in part because she had not received any document discovery from defendants, including time cards, personnel file or records of her hours.  (Docket # 37).  Smalls now seeks an extension of time to conduct limited discovery relating to her original claims and the newly-asserted claims in the proposed amended complaint.  (Docket # 46 at ¶ 10).

---

Thus, Smalls's request, if served today, would be proper.  Further, defendants have not cited, and the Court is unaware of, any authority permitting defendants to refuse to respond to Smalls's document requests on the grounds of numerosity, rather than answering the first twenty-five and objecting to the remainder.  *See* MOORE'S FEDERAL PRACTICE, § 33.30[1] (where interrogatories served number in excess of the twenty-five permitted by Rule 33, the better practice is to respond to the first twenty-five and object to the rest).

   [2] Defendants incorrectly objected to Smalls's discovery requests under Local Rule 26(d) on the grounds that she had not served her requests in electronic format.  (Docket # 38, Ex. A at 1).  Rule 26(c) of the Local Rules provides, "the party to whom interrogatories or discovery requests are directed shall, *whenever practicable*, be supplied with an electronic courtesy copy."  W.D.N.Y. Loc. R. 26(c) (emphasis added).  At the time Smalls served her interrogatories, she was representing herself and not participating in the court's electronic filing system.

**DISCUSSION**

I turn first to Smalls's motion to amend her complaint. In deciding a motion to amend filed after the deadline for amending the pleadings has expired, a court must balance the requirements of Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000). Under Rule 15, "[t]he Court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, under Rule 15, if the underlying facts or circumstances relied upon by a party seeking leave to amend may be a proper subject of relief, that party should be afforded the opportunity to test the claim on its merits. *United States ex rel. Mar. Admin. v. Cont'l Ill. Nat'l Bank and Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. at 182.

According to Rule 16(b), the district court shall enter a scheduling order setting a deadline for subsequent proceedings in the case, including amendments to the pleadings. Fed. R. Civ. P. 16(b). By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that "at some point both the parties and the pleadings will be fixed." *See* Fed. R. Civ. P. 16. Advisory Committee's Note (1983 amendment, discussion of subsection (b)). The rule provides that "[a] schedule may be modified only for

4

good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d at 340.

In *Parker*, the Second Circuit addressed the showing required of a party moving to amend its pleadings after the time set by the court for filing such motions. 204 F.3d at 340. In that case, the court joined several other circuits in holding that "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *Id*. (internal citations omitted) (collecting cases).

According to the Second Circuit, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Parker*, 204 F.3d at 340. "Good cause," the court reasoned, "depends on the diligence of the moving party." *Id*.; *accord Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) ("[w]hether good cause exists turns on the 'diligence of the moving party'") (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)), *cert. denied*, 131 S. Ct. 795 (2010); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997).

In determining whether to grant a motion to amend, the Court must weigh the good cause shown for the delay against the prejudice to the non-movant that will result from the amendment. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d at 244; *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46-47 (2d Cir. 1983). Considerations of prejudice include whether the new claim would (i) require significant additional discovery; (ii) significantly delay the

resolution of the dispute; or (iii) prevent the non-moving party from bringing a timely action in another jurisdiction. *Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993) (collecting cases). "However, the absence of prejudice to a nonmoving party does not alone fulfill the good cause requirement of Rule 16(b)." *Woodworth v. Erie Ins. Co.*, 2009 WL 3671930, *3 (W.D.N.Y. 2009) (emphasis omitted) (internal citations omitted).

It is well-settled that a *pro se* litigant is entitled to liberal construction of her original complaint, especially where the plaintiff complains of civil rights violations. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (liberal pleading standard "is to be applied with particular strictness" where plaintiff is *pro se* and alleges civil rights violation). In other words, courts must interpret *pro se* complaints "'broadly' and as raising 'the strongest argument that it suggests.'" *Baptista v. Hartford Bd. of Educ.*, 427 F. App'x 39, 41 (2d Cir. 2011) (internal citations omitted). Adherence to this standard requires courts to be "accommodating" in granting leave to amend *pro se* complaints unless the "amendment would be futile." *Id*. (quoting *Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009)).

Here, I find that Smalls has demonstrated good cause for the proposed amendments. Smalls has diligently pursued her case, including providing initial disclosures and serving various discovery requests. Her original complaint contains a three-page narrative statement amplifying her claims. The crux of that statement is that Dr. Bright treated her more harshly than male employees, particularly concerning telephone usage, cursed at her and called her demeaning names, regularly underpaid her for hours worked and terminated her after she complained about his pay practices. Now that Smalls has retained counsel, she seeks to assert

wage claims and related retaliation claims based on these originally-pled facts. She also seeks to add a race discrimination claim against defendants under 42 U.S.C. § 1981.

Since the outset of this litigation, defendants have been aware that Smalls was complaining about underpayment of her wages. Smalls filed her original Title VII claim using this district's standard "Discrimination Complaint" form, which does not contain a box to check to assert wage claims, although she clearly alleged facts giving rise to a wage claim. (Docket # 1). Specifically, Smalls stated, "I ask him about the hours on my check for the second week how come they are short he called me dumb and stupid which part didn't I understand. This went on every paycheck, from the 17th of June 2007 until I was terminated." (*Id*. at ¶ 19). Smalls's initial disclosures and discovery requests further clarified her intention. For example, Smalls included copies of her pay stubs in her initial Rule 26 disclosure, stating, "[t]his is evidence being submitted to my case Employment Documents/pay stubs and time cards showing proof of wages being taken from pay check . . . ." (Docket # 18 at 1).[3] Smalls also requested that defendants produce "[a]ny and all documents which support or evidence compensation paid, or discussions about compensation not paid to plaintiff during plaintiff's employment." (Docket # 21 at 15).

In addition, although Smalls named Dr. Bright in her original complaint, Title VII does not permit suits against individual supervisors. *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003). Section 1981, by contrast, does. *Whidbee v. Garzarelli Food Specialties,*

---

[3] In that initial disclosure, plaintiff also stated, "I was told if I have anything else to amend or add to the case by the court to do so then. [T]hat's when I added the wages and that's where all the documentation came about. So again I'm adding the document to my case a long [sic] with approval that the money is owed to me from the Dept. of Labor." (Docket # 19 at 1-2).

*Inc.*, 223 F.3d 62, 75 (2d Cir. 2000). "To establish a prima facie case under section 1981, a plaintiff must show (1) that she is a member of a racial minority; (2) an intent to discriminate on the basis of race by defendant; and (3) that the discrimination concerned one or more of the activities enumerated in § 1981." *Lauture v. Int'l Bus. Machines Corp.*, 216 F.3d 258, 261, 264 (2d Cir. 2000) (Section 1981 covers claims of discrimination in employment).

Here, plaintiff has alleged that Dr. Bright prohibited her from talking on her cell phone while working although other white employees were permitted to do so. (Docket # 46-1 at ¶¶ 9-10). When Smalls complained of this unequal treatment, Dr. Bright called her a "black bitch." (*Id*. at ¶ 14). The next day she was fired. (*Id*. at ¶ 15). These facts set forth a plausible claim of intentional race discrimination under Section 1981. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (to avoid dismissal, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Nor are Smalls's wage claims evidently futile. Defendants contend that plaintiff is barred from raising these claims because she previously filed and then failed to pursue a claim with the New York State Department of Labor in 2009. (Docket ## 49 at 131; 50 at 4). Defendants have not cited, nor has this Court found, any authority to support this contention. First, the FLSA "permits an aggrieved employee to bring his statutory wage and hour claim 'in any Federal or State court of competent jurisdiction'" and provides no administrative forum for enforcement of statutory rights. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740, 745 (1981) (employees' prior submission of claim to arbitration under collective bargaining agreement was no bar to federal action). Further, no administrative exhaustion requirement

exists under the FLSA.  *See Local 246 Util. Workers Union of Am. v. S. Cal. Edison Co.*, 83 F.3d 292, 297 (9th Cir. 1996) ("a claim based on substantive rights under the [FLSA] is not subject to an exhaustion requirement").  Neither does the NYLL prohibit employees from bringing civil actions after filing a claim with the State Department of Labor.  *See* N.Y. Labor L. § 198(3) ("[i]nvestigation by the commissioner shall not be a prerequisite to nor a bar against a person bringing a civil action under this section").  I further find that Smalls's factual allegations are sufficient to support claims under the FLSA and NYLL for unpaid wages and retaliation.  *See*, *e.g.*, 29 U.S.C. § 215; N.Y. Labor L. §§ 191, 215; *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1336 (2011) (oral complaints fall within FLSA anti-retaliation provision); *Higueros v. New York State Catholic Health Plan, Inc.*, 526 F. Supp. 2d 342, 348 (E.D.N.Y. 2007) (informal complaints to supervisors fall within anti-retaliation provision of New York Labor Law).  *See also Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010) (setting forth requirements of a *prima facie* case of retaliation under the FLSA).

   I further find that defendants will not be unduly prejudiced by Smalls's proposed amendments.  First, as discussed above, defendants should have been on notice of Smalls's claims related to unpaid wages.  *See Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir.) (no prejudice where non-moving party knew of the underlying facts a year in advance), *cert. denied*, 531 U.S. 1035 (2000).

   In addition, I disagree with defendants' contention that the amendments will require them to begin discovery again from "square one."  (Docket # 50 at 7).  Although defendants may not have conducted thorough discovery on Smalls's wage claims, I am satisfied that defendants have investigated the circumstances and events related to Smalls's racial

discrimination claims, which encompass her contention that she was terminated after complaining about her paycheck.[4] Thus, although defendants contended at oral argument that the addition of the wage claims will make it necessary to redepose Smalls, it is unlikely that defendants have conducted no meaningful discovery on issues and facts related to the new claims. Of course, defendants shall be afforded the opportunity to conduct any discovery necessitated by the amendments. *Taberna Capital Mgmt., LLC v. Jaggi*, 2010 WL 1424002, *2 (S.D.N.Y. 2010) (no undue prejudice where defendant would be given "a full and fair opportunity to seek discovery" on new theories in amended complaint). Further, Smalls's counsel has represented that the additional discovery she intends to take is limited, such as document discovery related to the wage claims and a deposition of Dr. Bright.

Finally, it is not clear that the limited discovery discussed above will cause substantial additional delay to the case. Although defendants' motion for summary judgment remains pending, Smalls had filed the motion to extend discovery prior to that motion and opposed the dispositive motion in part because of her need for further discovery. (Docket ## 28, 30, 37). Thus, although the discovery deadline has expired, the record is unclear that the case was ripe for disposition even absent the amendments. Accordingly, I do not find that the limited discovery resulting from the amendments will result in undue prejudice to defendants. *See Block v. First Blood Assoc.*, 988 F.2d at 350-51.

Accordingly, Smalls's motion to amend her complaint is granted. The amended complaint shall be served and filed by **November 21, 2011**.

---

[4] Indeed, defendants conceded at oral argument that Smalls's new Section 1981 claim would not result in additional discovery.

With these considerations in mind, and for good cause shown, I also grant Smalls's motion for an extension of time to complete discovery, which she diligently pursued while proceeding *pro se*. Smalls complied with her obligations under Rule 26, served document requests, propounded interrogatories and attempted to depose Dr. Bright. Nevertheless, as set forth above, she did not succeed in obtaining much of the discovery she sought. Accordingly, Smalls shall be permitted to pursue the limited discovery that her counsel identified at oral argument. Specifically, she may request production of her personnel file and the personnel files of similarly-situated employees; any other discrimination complaints filed against defendants during the relevant time period; document discovery related to her wage claims, such as payroll documents and records of her punch-in and punch-out time; and, she may depose Dr. Bright. As discussed above, defendants may also pursue any relevant discovery related to the newly-asserted claims.

Counsel are directed to confer concerning the terms of an agreeable scheduling order. Plaintiff's counsel shall submit to this Court a joint proposed amended scheduling order by **November 21, 2011**.

**CONCLUSION**

For the reasons stated above, plaintiff's motions to amend the complaint (**Docket # 46**) and to extend discovery **(Docket # 28)** are **GRANTED**.

**IT IS SO ORDERED**.

<i>s/Marian W. Payson</i><br>
MARIAN W. PAYSON<br>
United States Magistrate Judge

Dated: Rochester, New York
      November  9 , 2011